[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10816

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CEPHUS CHAPMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00348-MHC-RDC-10

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Cephus Chapman appeals his convictions after a jury found him guilty of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and of wire fraud, in violation of 18 U.S.C. § 1343. He argues that the government failed to prove that he knowingly agreed to participate in a fraud scheme, and the district court erred by failing to give either his requested jury instruction regarding the legal definition of a "transaction broker," or the instruction that the court proposed, but that he did not request, concerning the statutory requirements of a transaction broker.

## I.

We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in the government's favor. *United States v. Edouard*, 485 F.3d 1324, 1349 (11th Cir. 2007). We must affirm a conviction unless the jury could not have found the defendant guilty beyond a reasonable doubt under any reasonable construction of the evidence. *Id.* "[I]t is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably *could have* acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *Id.* (emphasis in original) (quotation marks omitted).

Section 1349 provides a criminal penalty for anyone who "attempts or conspires to commit any offense under this chapter," which includes offenses under § 1343. 18 U.S.C. § 1349. "To sustain [a] conspiracy conviction under . . . § 1349, the government must prove that (1) a conspiracy existed; (2) the defendant knew of it; and (3) the defendant knowingly and voluntarily joined it." *United States v. Moran*, 778 F.3d 942, 960 (11th Cir. 2015). "A conspiracy is an agreement between two or more persons to accomplish an unlawful plan." *United States v. Woodward*, 459 F.3d 1078, 1083 (11th Cir. 2006).

The elements of wire fraud under § 1343 are: "(1) intentional participation in a scheme to defraud, and, (2) the use of the interstate . . . wires in furtherance of that scheme." *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009). The government may prove that a defendant had the intent to, and agreed to, join a conspiracy or fraud scheme by circumstantial evidence. *See United States v. Manoocher Nosrati-Shamloo*, 255 F.3d 1290, 1292 (11th Cir. 2001) ("A defendant's intent is often difficult to prove and often must be inferred from circumstantial evidence."); *see also Moran*, 778 F.3d at 960 ("Because the crime of conspiracy is 'predominantly mental in composition,' the government may prove [the elements of a conspiracy under § 1349] by circumstantial evidence.").

Importantly, the government need not prove that the defendant "knew all of the details or participated in every aspect of the conspiracy," and it can satisfy its burden by showing that the defendant knew of the "essential nature of the conspiracy." *Id.*

4                    Opinion of the Court                    22-10816

(quotation marks omitted).  However, the government "must show circumstances from which a jury could infer beyond a reasonable doubt that there was a 'meeting of the minds to commit an unlawful act.'"  *United States v. Adkinson*, 158 F.3d 1147, 1154 (11th Cir. 1998).  "Evidence that a defendant personally profited from a fraud may provide circumstantial evidence of an intent to participate in that fraud."  *See United States v. Bradley*, 644 F.3d 1213, 1239, 1247 (11th Cir. 2011) (explaining that "the disproportionate profits the [defendants] realized from their scheme . . . reinforces the jury verdict").

Here, because the government presented circumstantial evidence from which the jury could find, beyond a reasonable doubt, that Chapman knowingly agreed to participate in a fraud scheme related to real estate closings, his convictions were supported by sufficient evidence.

## II.

A district court's refusal to give a requested jury instruction is reviewed for an abuse of discretion.  *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).  "The district court should instruct the jury on the defendant's defense theory if the theory has a foundation in evidence and legal support."  *United States v. Ndiaye*, 434 F.3d 1270, 1293 (11th Cir. 2006).

"The failure of a district court to give an instruction is reversible error where the requested instruction (1) was correct, (2) was not substantially covered by the charge actually given, and

(3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *Eckhardt*, 466 F.3d at 947–48. Nevertheless, a district court does not abuse its discretion by refusing to give a requested jury instruction that is an incomplete statement of the law or that would confuse the jury. *See United States v. Waters*, 937 F.3d 1344, 1353 (11th Cir. 2019); *see also United States v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984) (noting that a district court "is bound to refuse a requested instruction that is incomplete, erroneous, or misleading").

Where the defendant does not request a specific instruction "and fails to object at trial to the district court's charge for failure to include specific instructions, this Court reviews for plain error." *United States v. Pena*, 684 F.3d 1137, 1151 (11th Cir. 2012). "Under the plain error standard, an appellant must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id.* An error is plain if it is clearly contrary to settled law. *United States v. Shelton*, 400 F.3d 1325, 1330–31 (11th Cir. 2005). If the appellate court would have to speculate about whether the result would have been different, the defendant has not met his burden of showing prejudice. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

Under Georgia law, a "transaction broker" is defined as:

a broker who has not entered into a client relationship with any of the parties to a particular real estate

transaction and who performs *only ministerial acts* on behalf of one or more of the parties, but who is paid valuable consideration by one or more parties to the transaction pursuant to a verbal or written agreement *for performing brokerage services*.

O.C.G.A. § 10-6A-3(14) (emphasis added). Section 10-6A-14, in turn, sets forth the ministerial acts that a transaction broker may and must perform, including: (1) identifying property for sale, lease, or exchange; (2) providing real estate statistics and information on property; (3) providing preprinted real estate form contracts; (4) acting as a scribe in the preparation of real estate form contracts; (5) locating architects engineers, surveyors, and other professionals; and (6) identifying schools, shopping facilities, places of worship, and other similar facilities on behalf of any of the parties in a real estate transaction. *Id.* § 10-6A-14(a)(1)–(6). Section 10-6A-14(b) further provides that a transaction broker must: (1) timely present all offers to and from the parties involving the sale, lease, and exchange of the property; (2) timely account for all money and property received by the broker on behalf of a party in a real estate transaction; and (3) timely disclose certain material facts to all buyers and tenants pertaining to the property, or the immediate area surrounding the property. *Id.* § 10-6A-14(b)(1)–(3).

Here, because Chapman's requested jury instruction contained an incomplete statement of the law, the court did not abuse its discretion in refusing to give it, and Chapman likewise has not shown that the court plainly erred by failing to *sua sponte* give an

22-10816              Opinion of the Court                    7

instruction concerning the statutory requirements of a transaction broker.

Accordingly, we affirm.

**AFFIRMED.**